UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

FRANK MANFRED, II,

    Plaintiff,
v.

NCO FINANCIAL SYSTEMS, INC.,
and JOHN DOES 1-3,

    Defendants.
_____/

# COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331. <u>Mims v. Arrow Fin. Servs. LLC,</u> 132 S. Ct. 740 (2012); U.S. LEXIS 906 (U.S. 2012). Venue in this District is proper because Plaintiff resided here when the violative conduct occurred and Defendant, NCO FINANCIAL SYSTEMS, INC., placed telephone calls into this District at the direction of JOHN DOES 1-3.

## PARTIES

1

3. Plaintiff, FRANK MANFRED II, is a natural person, and at the time of the events alleged herein, was a citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, NCO FINANCIAL SYSTEMS, INC., is a professional corporation and citizen of the State of Pennsylvania with its principal place of business at 507 Prudential Road, Horsham, PA, 19044.

5. Defendants, JOHN DOES 1-3, are employees and officers and agents of NCO FINANCIAL SYSTEMS, INC. JOHN DOES 1-3 established the policies of or carried out the practices of NCO FINANCIAL SYSTEMS, INC regarding the TCPA or authorized those policies and practices complained of herein.

6. Pursuant to 47 U.S.C. § 217, an officer, agent, or employee may be held liable for violation of the TCPA:

> [T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user as well as of that person.

47 U.S.C. § 217

## FACTUAL ALLEGATIONS

7. On or about April 17th, 2009, Defendant, NCO FINANCIAL SYSTEMS, INC, or others acting at its request, left a pre-recorded telephone message on Plaintiff's voice mail on her cellular telephone.

8. Defendant, NCO FINANCIAL SYSTEMS, INC, or others acting at its request, left other messages using an automated telephone dialing system or pre-recorded or artificial voice on Plaintiff's cellular telephone.

9. None of Defendants telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

10. Defendants willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

11. Plaintiff incorporates Paragraphs 1 through 10.

12. Defendant, NCO FINANCIAL SYSTEMS, INC, or others acting at its request, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, NCO FINANCIAL SYSTEMS, INC.

    a. Damages;

    b. a declaration that Defendant's calls violate the TCPA;

    c. a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice; and

    d.    Such other or further relief as the Court deems proper.

## COUNT II
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT REGARDING JOHN DOES 1-3

13.    Plaintiff incorporates Paragraphs 1 through 10.

14.    Defendant, JOHN DOES 1-3, established the policies of or carried out the practices complained of herein regarding the TCPA or authorized those policies and practices that caused the placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant JOHN DOES 1-3 for:

    a.    Damages;

    b.    a declaration that Defendants calls violate the TCPA;

    c.    a permanent injunction prohibiting Defendants from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice; and

    d.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

DON YARBROUGH, ESQ.
SCOTT R. STRAUSS, ESQ.
Attorneys for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
don@donyarbrough.com
scottstrauss@donyarbrough.com


By: s/ Donald A. Yarbrough
    Donald A. Yarbrough, Esq.
    Florida Bar No. 0158658